UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANNE STEINMETZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:06-cv-851-LJM-WTL |
| ) | |
| INDIANA ORGAN PROCUREMENT ) | |
| ORGANIZATION, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON DISCOVERY MOTIONS

This cause is before the Magistrate Judge on the Plaintiff's motion to compel and the Defendant's motion for protective order. The motions are fully briefed, and the Magistrate Judge, being duly advised, **GRANTS** the Plaintiff's motion and **GRANTS IN PART** the Defendant's motion as set forth below.

Plaintiff Dianne Steinmetz alleges that the Defendant disciplined and eventually fired her because of her age, gender and/or because she filed a Worker's Compensation claim. On February 7, 2007, the Plaintiff filed a motion to compel the Defendant to respond to her Interrogatories Nos. 2(a) - (c), 3-7, and 9-15 and Document Requests Nos. 1, 3, 4(b)-(g) & (i), 11, 16, 18, 21, 22, and 28. The Interrogatories and Requests were served on September 11, 2006; the Defendant did not respond to them at all until January 5, 2007, and the answers it provided then were, according to the Plaintiff, woefully inadequate. The Defendant later supplemented its responses with some additional documents, but failed fully to answer the discovery requests enumerated in the Plaintiff's motion. In particular, the Plaintiff objects to the fact that the Defendant has refused to produce the personnel files of the Plaintiff's supervisor, those who made the decision to terminate her, and certain employees whom the Plaintiff argues

were similarly situated to her, and to the fact that the Defendant answered many of the discovery requests by referring generally to its initial disclosures. The Plaintiff argues (correctly) that the Defendant waived any objections it may have had to the discovery requests by failing to respond to them in a timely manner.

In its response to the motion to compel, the Defendant argues that it should not be required to produce information from its employees' personnel files until the Court enters a protective order to protect the confidentiality of the information. The parties tendered an agreed protective order to the Court for approval on January 22, 2007; however, that proposed protective order was not approved because it failed to satisfy the requirements set forth in *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 944 (7th Cir. 1999), that a protective order (1) define with specificity what information may be designated as confidential and subject to the protective order, and (2) provide for challenges to the confidentiality designations by the parties and members of the public. Thus, in response to the motion to compel the Defendant filed a motion for protective order, to which it attached a proposed protective order which purports to satisfy these requirements.

The Plaintiff notes that the Defendant did not raise the issue of the need for a protective order until mid-January 2007, when its discovery responses were already overdue, and therefore argues that its request for a protective order should be summarily denied as untimely. However, inasmuch as the protective order is designed to protect the privacy rights of third parties, the Magistrate Judge disagrees, especially in light of the fact that the Plaintiff initially agreed to the entry of a protective order. Indeed, the Plaintiff does not object to a protective order governing third parties' social security numbers, medical information, tax information, wages and salaries, credit information, FMLA information, health insurance, references, and information regarding

their families.  However, the Plaintiff objects to the Defendant's proposed protective order to the extent that it applies to other employees' curriculum vitae and performance reviews, arguing that the Defendant has not demonstrated that the information contained therein is legitimate confidential information.  The Magistrate Judge agrees as to the curriculum vitae; however, the Magistrate Judge does believe that the performance reviews of third parties are entitled to protection absent some specific showing that they are not otherwise kept confidential by the Defendant.  The Plaintiff also objects to the Defendant's use of the term "similarly situated" in the proposed protective order, and while the Magistrate Judge does not read the proposed protective order as attempting to limit the Defendant's discovery responses, the Magistrate Judge agrees that it is unnecessary to include that language in the protective order.  Therefore, the Defendant's motion for protective is **GRANTED IN PART** consistent with this entry, and the Magistrate Judge will enter an appropriate protective order this date.

The Plaintiff's motion to compel is **GRANTED**; to the extent it has not done so already, the Defendant shall fully and completely, and without reference to its initial disclosures, respond to the Plaintiff's Interrogatories Nos. 2(a) - (c), 3-7, and 9-15 and Document Requests Nos. 1, 3, 4(b)-(g) & (i), 11, 16, 18, 21, 22, and 28 **by 9:00 a.m. on April 9, 2007**.  The Plaintiff's request for fees and costs relating to the motion is taken under advisement.

On March 27, 2007, the Plaintiff filed a second motion to compel in which she reiterates the arguments she made in her first motion and also seeks an order compelling the Defendant to respond to her second set of discovery requests.  Those requests were served on January 26, 2007; again, the Defendant failed to provide responses within 30 days as required by the Federal Rules of Civil Procedure.  The Magistrate Judge recognizes that the Defendant has not had the opportunity to respond to this second motion to compel, and therefore will not rule on it at this

time. However, the Magistrate Judge notes that the discovery deadline, which already has been extended once, is April 23rd, and the Plaintiff has a deposition scheduled for April 10th to which, according to the Plaintiff, the information sought in its second set of discovery requests is relevant. Therefore, if the Defendant does not respond fully and completely to the outstanding discovery requests prior to April 9th, it is very likely that the deposition will have to be rescheduled and that the Defendant will be sanctioned for its dilatoriness. The Magistrate Judge urges the Defendant to determine why it has not been complying with its discovery obligations in a timely manner and to rectify the situation.

SO ORDERED:  4/3/07

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Mark S. Alderfer
HACKMAN HULETT & CRACRAFT LLP
malderfer@hhclaw.com

David J. Bodle
HACKMAN HULETT & CRACRAFT LLP
dbodle@hhclaw.com

John H. Haskin
HASKIN LAUTER LARUE & GIBBONS
jhaskin@hlllaw.com

Paul Anthony Logan
HASKIN LAUTER LARUE & GIBBONS
plogan@hlllaw.com